**PETROLEUM, INC., et al.,
Plaintiffs-Appellees,**

v.

**LIBERTY PETROLEUM CORPORA-
TION, Defendant-Appellant.**

**No. 74–1323.**

United States Court of Appeals,
Sixth Circuit.

Nov. 15, 1974.

William E. Longthorne, Swartzbaugh, Longthorne & Spore, Toledo, Ohio, for defendant-appellant.

---

John M. Curphey, Robison, Curphey & O'Connell, Toledo, Ohio, for plaintiffs-appellees.

Before WEICK, McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Plaintiffs-Appellees' suit in the District Court against Liberty Petroleum Corporation, defendant-appellant, was to recover damages for breach of an oral agreement for the drilling by defendant of a wildcat well, under an exploration license granted by the Petroleum Administration of Turkey to the plaintiff, International Petroleum, Inc.

Jurisdiction of the Court was based on diversity of citizenship.

The principal issues in the case were whether the minds of the parties had ever met on the terms and provisions of the agreement; whether defendant's agents had authority to enter into the agreement; whether the Court erred in the admission of evidence; and whether the agreement violated the Ohio statute of frauds.

In addition to oral testimony of witnesses there were a number of letters, cablegrams and telegrams between representatives of the parties which evidenced and confirmed the agreement.

The District Court submitted the case to the jury under appropriate instructions, and the jury returned its verdict in favor of the plaintiffs in the amount of $30,000.

In our opinion the District Court did not err in denying defendant's motion for a directed verdict. The factual issues were sharply in dispute; this required the District Court to submit such issues to the jury. Defendant engaged in just too much activity, not only in this country but also in Turkey, to make plausible its claims that the minds of the parties had not met on the terms and provisions of the contract or that its agents lacked authority.

After the minds of the parties had met, defendant appointed a resident agent in Turkey, applied to Petroleum Administration of Turkey and secured an extension of time within which to drill the well, and attempted to interest some four hundred other people to participate in its project.

We are further of the opinion that the verdict of the jury is supported by sufficient evidence; that the Court did not commit prejudicial error in its admission of evidence, nor in its instructions to the jury; and that the correspondence, cablegrams and telegrams passing between the parties were sufficient to take the case out of the operation of the Ohio statute of frauds.

The judgment of the District Court is therefore affirmed.